IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SHONNA LYNN JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

Shonna Lynn Jordan was represented in this court by appointed counsel. She was sentenced following a guilty plea. (Filing 34 (November 8, 2006 judgment).) Her appointed counsel filed a notice of appeal. (Filing 37). Yesterday, Jordan filed two documents in this court related to her direct appeal: a request for copies of all documents pertaining to her appeal (filing 48) and a motion for appointment of new counsel on appeal (filing 49). Her motions indicate that her direct appeal is pending before the Eighth Circuit Court of Appeals and is docketed there as case number 06-3861.[1]

I must deny both of Jordan's May 24, 2007 motions. Because this court has no authority to provide free copies, I deny the request for copies. As this court has no jurisdiction to appoint counsel when a direct appeal is pending with the Eighth Circuit Court of Appeals, I deny the request for appointment of counsel. Jordan may direct any requests for copies to her appointed counsel (although that lawyer has filed a motion to withdraw, he still represents her because the Court of Appeals has not yet

---

[1] A review of the docket sheet maintained by the Court of Appeals indicates that Jordan's appointed counsel has filed an Anders brief and a motion to withdraw, and that Jordan has been granted permission to file a pro se supplemental brief with the Court of Appeals on or before June 1, 2007. (May 11, 2007 order of Court of Appeals.)

ruled on that motion). Jordan may direct a request for appointment of new counsel on appeal with the Court of Appeals, but should remain mindful of the June 1 deadline established by the Court of Appeals for her to submit a brief pro se (without the assistance of counsel).

Jordan also filed in this court a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Filing 47). In that § 2255 motion, Jordan answered "no" to the question "did you appeal from the judgment of conviction?" (Filing 47 at 1.) Jordan's recent filings with this court, and my review of the Court of Appeals docket for her direct appeal, indicate that Jordan's direct appeal was pending at the time she filed her § 2255 motion.

I now undertake initial review of that § 2255 motion.[2] Because Jordan's direct appeal was pending at the time she filed her 2255 motion, the petition as prematurely filed. United States v. Jagim, 987 F.2d 1032, (8th Cir. 1992) (affirming dismissal of § 2255 motion as prematurely filed when § 2255 motion was filed while direct appeal was pending); Masters v. Eide, 353 F.2d 517, 518 (8th Cir. 1965) (dismissing § 2255 habeas petition filed while direct appeal was pending, noting that "[o]rdinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending."). See also Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts, 1976 Advisory Comm. Note

---

[2]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

(observing that "the courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision" and citing Masters v. Eide, 252 F.2d 517). Jordan has not established any extraordinary circumstances that would permit this court to consider her § 2255 motion while her direct appeal is pending. United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993) (citing Masters v. Eide); United States v. Martin, No. CR02-127(1), 2004 WL 1765340, at *2 (D. Minn. Aug. 4, 2004) (dismissing § 2255 motion asserting claims under Blakely v. Washington, 124 S. Ct. 2531 (2004) as untimely because it was filed while direct appeal was still pending).

For the foregoing reasons,

IT IS ORDERED:

1. The motion in filing 48 requesting copies is denied;

2. The motion in filing 49 requesting appointment of new counsel on appeal is denied;

3. The § 2255 motion (filing 47) is denied, without prejudice to reassertion after completion of the defendant's direct appeal;

4. Judgment on the § 2255 motion will be entered by separate order; and

5. The Clerk of the Court shall send an electronic copy of this order to the defendant's appointed counsel.

May 25, 2007                     BY THE COURT:

                                 *s/Richard G. Kopf*
                                 United States District Judge